UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANIEL LEE ROYCE,

    Petitioner,

v.                                              Case No. 2:04-cv-272
                                              HON. RICHARD ALAN ENSLEN
GERALD HOFBAUER,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

    Petitioner Daniel Lee Royce filed this petition for writ of habeas corpus challenging the validity of his state court convictions for first-degree home invasion and domestic violence, third offense. Petitioner was convicted by a jury on November 16, 1999, and was sentenced to 6 to 20 years imprisonment for home invasion and 209 days for domestic violence. The Michigan Court of Appeals summarized the pertinent facts:

> Brandi Alto testified that she had ended a long-term relationship with defendant. Defendant encountered Alto as she was leaving a bar with Kevin Hendrickson. After an exchange of words, Alto walked with Hendrickson to his home. At approximately 2:00 a.m., Hendrickson saw defendant on the front porch. Alto and Hendrickson ran into a bedroom. Hendrickson fled out the bedroom window to ask his neighbors to telephone police. Defendant broke into the home and was heard yelling and knocking things over. Alto pushed the headboard of the bed away from the wall and hid there. Defendant broke into the bedroom, but did not see Alto. After he left the bedroom, Alto thought that defendant had left the home. She was on her way to the kitchen to telephone police when she encountered defendant, who hit and kicked her. Alto managed to call for help and told defendant that the police were on their way. When she turned around, defendant was gone. Hendrickson returned to the home and hid in the basement with Alto until police arrived. Defendant

testified that he was angry with Hendrickson, who knew of defendant's continuing relationship with Alto. After consuming alcohol at the bar and being encouraged by Hendrickson's girlfriend, defendant went to Hendrickson's home "to kick his ass." He remembered pounding on the front door. Defendant denied kicking down the door, and testified that "the door opened up." Defendant did not recall encountering and assaulting Alto at Hendrickson's home.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner raises the following issues in his petition:

I. First degree home invasion did not come into effect until October 1, 1999, three months after the charged offense.

II. Ineffective assistance of counsel.

III. Arrested for violation of law that wasn't in effect until three months after arrest.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner was convicted with first degree home invasion in violation of MCL § 750.110a(2). Petitioner argues that the statute was not in existence until October 1, 1999. Petitioner asserts that he committed the crime before the existence of the statute. Petitioner further argues that his trial counsel was ineffective for not having knowledge of the 1999 amendments to the statute. Respondent argues that petitioner procedurally defaulted these issues. Petitioner first raised these issues in his second motion for relief for judgment. The Michigan appellate courts denied relief under MCR 6.502(G) which allows for only one motion for relief from judgment.

When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review. *See Ylst v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state

ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, the petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 122 S.Ct. 877, 878 ( 2002). A petitioner may also excuse a default by making a colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 495 (1986)). This exception is reserved for a very narrow class of cases, based on a claim of "new reliable evidence." *Schlup*, 513 U.S. at 315, 324. In the opinion of the undersigned, petitioner clearly defaulted his habeas claims and has failed to establish cause or prejudice for his default.

Moreover, petitioner's claims fail on the merits. The relevant portion of the statute which became effective in 1994 read:

> (2) A person who breaks and enters a dwelling with intent to commit a felony or a larceny in the dwelling or a person who enters a dwelling without permission with intent to commit a felony or a larceny in the dwelling is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exist:
>
> (a) The person is armed with a dangerous weapon.
>
> (b) Another person is lawfully present in the dwelling.

The 1999 amendment changed the relevant portion to read:

> (2) A person who breaks and enters a dwelling with intent to commit a felony, larceny or assault in the dwelling, a person who enters a

>     dwelling without permission with intent to commit a felony, larceny or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exist:
>
>     (a) The person is armed with a dangerous weapon.
>
>     (b) Another person is lawfully present in the dwelling.

Contrary to petitioner's assertion, the statute was effective prior to the time that petitioner engaged in his criminal activities. Petitioner's claims are without merit.

Moreover, while it is not clear if petitioner is asserting the identical issues in this petition as presented in his appeal of right to the Michigan Court of Appeals, those claims would fail in this court. Those claims raise state law issues regarding the admission of evidence and sentencing. A federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988), *cert. denied* 488 U.S. 866 (1988). Petitioner also asserted claims of ineffective assistance of counsel. The Michigan Court of Appeals rejected these claims. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for

habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

The undersigned recommends that the court deny petitioner's application because of his procedural default. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that each of petitioner's claims are properly dismissed for procedural default. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Further, petitioner cannot establish that any of his claims have merit. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)©); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   May 2, 2007